UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NICOLA WARR

    PLAINTIFF

v.   CIVIL ACTION NO. 3-15-cv-642-DJH-

TOWN AND COUNTRY FORD, LLC   *ELECTRONICALLY FILED*

    DEFENDANT

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441, Defendant Town and Country Ford, LLC ("Town and Country"), by counsel, hereby files this Notice of Removal from the Circuit Court of Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division, and alleges as follows:

## NATURE OF THE CASE

1. The removed case is a purported violation of the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.* ("FCRA"), filed by Plaintiff Nicola Warr ("Plaintiff" or "Ms. Warr") against Town and Country in the Circuit Court of Jefferson County, Kentucky, styled *Nicola Warr v. Town and Country Ford, LLC*, Civil Action No. 15-CI-03043 ("State Action").

2. All of the allegations in Plaintiff's State Action Complaint stem from alleged violations of the Fair Credit Reporting Act ("Complaint"). Plaintiff accuses Town and Country of directly violating the FCRA, but also includes allegations of fraud, negligence, conversion, and a violation of the Kentucky Consumer Protection Act related to the FCRA violations in the Complaint.

3. As required by 28 U.S.C. § 1446(a) attached hereto as **Exhibit A** is a copy of all

process, pleadings, and orders served or attempted to be served upon the Defendant. As of the date hereof and to the knowledge of Town and Country and the undersigned, there are no other defendants that are parties to the State Action.

## BASIS FOR FEDERAL JURISDICTION

4. The Defendant seeking removal has the burden of proving by a preponderance of the evidence that the jurisdictional requirements for removal have been met. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

5. This Court has jurisdiction over the State Action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, and 15 U.S.C. § 1681p.

6. Federal district courts have original jurisdiction over all civil claims arising under the laws of the United States. 28 U.S.C. § 1331.

7. Under 28 U.S.C. § 1441(a), a defendant may remove any civil action to federal court if the plaintiff's complaint presents a federal question. See *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). In order to determine whether the case arises under federal law, a court looks only at the plaintiff's well-pleaded complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

8. There is no dispute that Plaintiff's Complaint raises a federal question. Plaintiff expressly claims "Town and Country knowingly and willfully obtained or knowingly or willfully caused third parties to obtain information on a consumer from a consumer reporting agency under false pretenses, in violation of 15 U.S.C. § 1681q." Compl. ¶ 18. Plaintiff further alleges Town and Country violated 15 U.S.C. § 1681q by negligently obtaining or causing a third party to negligently obtain information from a consumer reporting agency under false pretenses. *Id.* at ¶ 22.

9. Plaintiff's Complaint also specifically alleges Town and Country willfully and negligently violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b. Compl. ¶¶ 26, 30. This, too, directly raises a federal question and gives this Court jurisdiction pursuant to 28 U.S.C. § 1441, and 15 U.S.C. § 1681(p).

10. Plaintiff's Complaint is based on alleged violations of the Fair Credit Reporting Act. Compl. ¶¶ 17-32. The Fair Credit Reporting Act states "[a]n action to enforce any liability under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy . . . ." 15 U.S.C. § 1681p. Therefore, this Court clearly has original jurisdiction over the four counts in Plaintiff's Complaint that allege Town and Country violated the Fair Credit Reporting Act. Compl. ¶¶ 17-32.

11. The remaining claims made by Plaintiff are so closely related to the alleged violations of the Fair Credit Reporting Act that this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

12. This Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367.

13. All of Plaintiff's causes of action relate to how Town and Country allegedly used Plaintiff's credit application in obtaining credit information on Plaintiff. In fact, the basis for Plaintiff's fraud, negligence and conversion claims is that Town and Country mishandled Plaintiff's credit application and report, as well as the information contained therein. Compl. ¶¶ 33-48.

14. Plaintiff's fraud claim states that "Town and Country fraudulently, willfully and maliciously misrepresented that Ms. Warr applied for a motor vehicle loan or applied to co-sign

for a motor vehicle loan. Town and Country intentionally made these misrepresentations to induce third parties to extend credit to Ms. Warr." Compl. ¶¶ 34-35. This fraud allegation is little more than a slightly re-worded version of Plaintiff's FCRA claims, and is so closely related to the FCRA that this Court has supplemental jurisdiction.

15. Plaintiff's negligence claim alleges Town and Country violated its duty to Plaintiff by creating false loan applications and failing to maintain the confidentiality of personally identifying information obtained through a credit application. Compl. ¶¶ 40-41. This supposed negligence claim is also so closely tied to Plaintiff's FCRA claims, that this Court likewise has supplemental jurisdiction.

16. Plaintiff's conversion and Kentucky Consumer Protection Act claims are similarly dependent on the Fair Credit Reporting Act. It would be difficult for Plaintiff to argue her credit information was converted, or Town and Country's use of her credit information was deceptive practice, if Town and Country is found not to have violated the FCRA.

17. Half of the claims in Plaintiff's Complaint unequivocally allege Town and Country violated the FCRA, giving this Court jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1441, and 15 U.S.C. § 1681p. The remaining four counts are so closely intertwined with the alleged FCRA violations that this Court has supplemental jurisdiction under 28 U.S.C. 1367. Accordingly, Town and Country has proven that this Court has proper jurisdiction.

### TIMELINESS OF REMOVAL

18. Pursuant to 28 U.S.C. § 1446(b), removal of this Action to the United States District Court for the Western District of Kentucky is timely because it was filed within thirty (30) days of the date that Plaintiff's initial pleading was served upon Defendant, Town and Country.

## VENUE

19.     The United States District Court for the Western District of Kentucky is the proper venue for removal under 28 U.S.C. § 1441(a) because the Western District encompasses Jefferson County, Kentucky, where the State Action was initially filed.

## FILING REMOVAL PAPERS

20.     This Notice of Removal is filed within the thirty (30) day period specified in 28 U.S.C. §1446(b) in that Defendant, Town and Country, received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based on June 30, 2015.

21.     The State Action is not a "class action" within the meaning of 28 U.S.C. §1332(d)(1)(B).

22.     Copies of all process, pleadings, and orders served upon or by Town and Country in the State Action are filed with this notice collectively as **Exhibit A** and are incorporated herein by reference.

9.      As required by 28 U.S.C. §1446(d), notice of the removal is being given to all adverse parties by mailing a copy of this Notice of Removal to James Craig and Aaron J. Bentley, of the law firm of Craig Henry PLC, 239 South Fifth Street, Suite 1400, Louisville, Kentucky 40202, *Counsel for Plaintiff.*

10.     As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Circuit Court of Jefferson County, Kentucky.

11.     Town and Country has paid the filing fees which total of $400 ($350 filing fee plus $50 administrative fee).

12.     Town and Country reserves the right to amend or supplement this Notice Of

Removal.

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Town and Country's rights to assert any defense, potential arbitration agreement, or other affirmative matter, including, but not limited to, the defenses available under Fed.R.Civ.P. 12, any state or federal statute, or otherwise.

WHEREFORE, Defendant, Town and Country Ford, LLC requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

MORGAN & POTTINGER, P.S.C.

By: /s/ J. Morgan McGarvey
John T. McGarvey
JTM@morganandpottiner.com
J. Morgan McGarvey
JMM@morganandpottinger.com
601 West Main Street
Louisville, Kentucky 40202
(502) 589-2780
*Counsel for Town and Country Ford, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal, along with all attachments and exhibits, was mailed, first class, postage prepaid, this 29th day of July, 2014 to:

Clerk, Jefferson Circuit Court
Louis D. Brandeis Hall of Justice
600 W. Jefferson St., Room 2008
Louisville, KY 40202

James Craig
Aaron J. Bentley
Craig Henry PLC
239 South Fifth Street, Suite 1400
Louisville, Kentucky 40202
*Counsel for Plaintiff*

/s/ J. Morgan McGarvey
J. MORGAN MCGARVEY