15-CI-3043
(4)

FILED IN CLERK'S OFFICE
JEFFERSON CIRCUIT CT
2015 JUN 30 AM 9 02
CLERK 18
BY _____ D.C.

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

15-CI-03043

Joseph A. Alvarez, III
Town & Country Ford, LLC
6015 Preston Highway
Louisville, Kentucky 40219

9590 9401 0049 5071 5723 48

2. Article Number (Transfer from service label)
7014 1200 0000 3907 0590

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Kristen Dawson        ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Kristen Dawson

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

EXHIBIT
A

| AOC-105 Doc. Code: CI | | Case No.: **15-CI-03043** | |
|---|---|---|---|
| Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice www.courts.ky.gov CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Court | ☑ Circuit ☐ District |
| | | County | Jefferson |

**PLAINTIFF**

NICOLA WARR

JEFFERSON CIRCUIT COURT
DIVISION SIX (6)

VS.

**DEFENDANT**

TOWN AND COUNTRY FORD, LLC

6015 PRESTON HIGHWAY
LOUISVILLE          Kentucky          40219

**Service of Process Agent for Defendant:**
JOSEPH A. ALVAREZ, III
REGISTERED AGENT
6015 PRESTON HIGHWAY
LOUISVILLE          Kentucky          40219

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you** or **by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: JUN 18 2015, 2____          DAVID L. NICHOLSON, CLERK _____ Clerk

By: _S. Lima_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title

NO. 15-CI- **15 CI 03043**  JEFFERSON CIRCUIT COURT
DIVISION _____ ( __ )
JUDGE_____

**JEFFERSON CIRCUIT COURT
DIVISION SIX (6)**

NICOLA WARR                                                                                              PLAINTIFF

v.                                              **COMPLAINT**

TOWN AND COUNTRY FORD, LLC                                                       DEFENDANT
6015 Preston Highway
Louisville, Kentucky 40219

    Serve:  Joseph A. Alvarez III
               Registered Agent
               6015 Preston Highway
               Louisville, Kentucky 40219

\* \* \* \* \*

## PRELIMINARY STATEMENT

1. This action seeks damages due to the unfair and fraudulent business practices of defendant Town and Country Ford, LLC ("Town and Country"). Town and Country fraudulently submitted false loan applications on Ms. Warr's behalf, conduct that Ms. Warr did not authorize and of which she was unaware. Ms. Warr seeks damages pursuant to the Fair Credit Reporting Act, the Kentucky Consumer Protection Act and Kentucky common law caused by this conduct.

## PARTIES AND JURISDICTION

2. Ms. Warr is a resident of the Commonwealth of Kentucky.

3. Town and County is a company organized and existing under the laws of the Commonwealth of Kentucky that conducts business in this judicial circuit.

4. This Court has subject matter jurisdiction over this action and venue is proper. Ms. Warr's claims involve an amount in excess of the jurisdictional limit of this Court and a substantial amount of the conduct giving rise to this matter occurred in Jefferson County, Kentucky.

## FACTUAL ALLEGATIONS

5. Ms. Warr is a past customer of Town and Country and, therefore, Town and Country has records reflecting Ms. Warr's personally identifying information, including her address and social security number.

6. On or about January 21, 2015, in conjunction with the sale of a motor vehicle to a third party, Town and Country knowingly and intentionally used Ms. Warr's personally identifying information to submit fraudulent loan applications in conscious disregard of Ms. Warr's rights.

7. Ms. Warr did not authorize Town and Country's use of her information for such a purpose.

8. On or about January 21, 2015, in conjunction with the sale of a motor vehicle to a third party, Town and Country knowingly and intentionally accessed Ms. Warr's credit report and caused at least 8 different financial institutions to access Ms. Warr's credit report.

9. Ms. Warr did not authorize Town and Country to cause any third party to access her credit report.

10. On or about January 21, 2015, in conjunction with the sale of a motor vehicle to a third party, Town and Country disclosed confidential information regarding Ms. Warr, including information regarding her credit, to a third party for the purpose of inducing that third party to ask Ms. Warr to purchase a new vehicle and/or co-sign a loan to purchase a new vehicle.

2

11. Ms. Warr did not authorize Town and Country to disclose her confidential information to any third party.

12. Town and Country knowingly made these representations and engaged in this conduct to induce Ms. Warr to enter into a contract for the purchase of a motor vehicle.

13. As a consequence of Town and Country's conduct, Ms. Warr has been damaged in an amount to be determined at trial.

## COUNT 1:
## KENTUCKY CONSUMER PROTECTION ACT

14. Ms. Warr incorporates by reference the allegations previously set forth in this Complaint.

15. Town and Country's conduct, as described herein, constitutes unfair, unconscionable, false, misleading, and deceptive acts or practices in the conduct of a trade or commerce and thus violates Kentucky's Consumer Protection Act, KRS § 367.170, *et seq.*

16. In addition to compensatory damages, interest, expenses, and court costs, Ms. Warr is entitled to punitive damages and an award of attorney fees in prosecuting this action.

## COUNT 2:
## WILLFUL NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681q

17. Ms. Warr incorporates by reference the allegations previously set forth in this Complaint.

18. By engaging in the conduct set forth above, Town and Country knowingly and willfully obtained or knowingly and willfully caused third parties to obtain information on a consumer from a consumer reporting agency under false pretenses, in violation of 15 U.S.C. § 1681q.

19. Town and Country's actions caused Ms. Warr to suffer emotional and mental anguish, turmoil, stress, embarrassment, humiliation, emotional distress, inconvenience, loss of privacy, credit denials, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to his credit score, credit rating, and perceived credit worthiness.

20. In addition to compensatory damages, statutory damages, interest, expenses, and court costs, Ms. Warr is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 15 U.S.C. § 1681n.

## COUNT 3:
## NEGLIGENT NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681q

21. Ms. Warr incorporates by reference the allegations previously set forth in this Complaint.

22. By engaging in the conduct set forth above, Town and Country negligently obtained or negligently caused third parties to obtain information on a consumer from a consumer reporting agency under false pretenses, in violation of 15 U.S.C. § 1681q.

23. Town and Country's actions caused Ms. Warr to suffer emotional and mental anguish, turmoil, stress, embarrassment, humiliation, emotional distress, inconvenience, loss of privacy, credit denials, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to his credit score, credit rating, and perceived credit worthiness.

24. In addition to compensatory damages, statutory damages, interest, expenses, and court costs, Ms. Warr is entitled to an award of attorney fees in prosecuting this action, pursuant to 15 U.S.C. § 1681o.

## COUNT 4:
## WILLFUL NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b

25. Ms. Warr incorporates by reference the allegations previously set forth in this Complaint.

26. By engaging in the conduct set forth above, Town and Country knowingly and willfully accessed or knowingly and willfully caused third parties to access information on a consumer from a consumer reporting agency in violation of 15 U.S.C. § 1681b.

27. Town and Country's actions caused Ms. Warr to suffer emotional and mental anguish, turmoil, stress, embarrassment, humiliation, emotional distress, inconvenience, loss of privacy, credit denials, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to his credit score, credit rating, and perceived credit worthiness.

28. In addition to compensatory damages, statutory damages, interest, expenses, and court costs, Ms. Warr is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 15 U.S.C. § 1681n.

## COUNT 5:
## NEGLIGENT NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b

29. Ms. Warr incorporates by reference the allegations previously set forth in this Complaint.

30. By engaging in the conduct set forth above, Town and Country negligently accessed or negligently caused third parties to access information on a consumer from a consumer reporting agency in violation of 15 U.S.C. § 1681b.

31.    Town and Country's actions caused Ms. Warr to suffer emotional and mental anguish, turmoil, stress, embarrassment, humiliation, emotional distress, inconvenience, loss of privacy, credit denials, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, and decrease to his credit score, credit rating, and perceived credit worthiness.

32.    In addition to compensatory damages, statutory damages, interest, expenses, and court costs, Ms. Warr is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 15 U.S.C. § 1681n.

## COUNT 6:
## FRAUD

33.    Ms. Warr incorporates by reference the allegations previously set forth in this Complaint.

34.    As set forth above, Town and Country fraudulently, willfully and maliciously misrepresented that Ms. Warr applied for a motor vehicle loan or applied to co-sign for a motor vehicle loan.

35.    Town and Country intentionally made these misrepresentations to induce third parties to extend credit to Ms. Warr.

36.    Third parties did in fact offer to extend credit to Ms. Warr.

37.    As a result of Town and Country's conduct, Ms. Warr has suffered injury and damages in an amount to be determined by the evidence at trial.

38.    Town and Country's conduct towards Ms. Warr included oppression, fraud, and/or malice, further entitling Ms. Warr to an award of punitive damages.

## COUNT 7:
## NEGLIGENCE

39. Ms. Warr incorporates by reference the allegations previously set forth in this Complaint.

40. Town and Country had a duty to maintain the confidentiality of personally identifying information about its former customer, Ms. Warr.

41. Town and Country further had a duty to refrain from creating false loan applications on behalf of its former customer, Ms. Warr.

42. By engaging in the conduct set forth above, Town and Country breached that duty.

43. As a direct and proximate result of Town and Country's breach, Ms. Warr has sustained and will continue to sustain injury and damages in an amount to be determined by the evidence at trial.

## COUNT 8:
## CONVERSION

44. Ms. Warr incorporates by reference the allegations previously set forth in this Complaint.

45. Ms. Warr was, and still is, entitled to the immediate and exclusive possession of her confidential information in the possession of Town and Country.

46. The continued retention of that information by Town and Country constitutes conversion.

47. As a direct and proximate result of Town and Country's conversion, Ms. Warr has sustained and will continue to sustain injury and damages in an amount to be determined by the evidence at trial.

48.     Town and Country's conduct towards Ms. Warr includes oppression, fraud, and/or malice, further entitling her to an award of punitive damages.

## PRAYER FOR RELIEF

Accordingly, Ms. Warr requests that the Court grant the following relief:

1. Judgment in favor of Ms. Warr, together with an award of compensatory damages;

2. Statutory damages pursuant to the Fair Credit Reporting Act and the Kentucky Consumer Protection Act;

3. An award of attorney fees, costs and expenses incurred in prosecuting this action;

4. Punitive damages;

5. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

6. Trial by jury on all triable issues; and

7. All other relief to which Ms. Warr may be entitled.

Respectfully submitted,

CRAIG HENRY PLC
James Craig
Aaron J. Bentley

*/s/ James Craig*

239 South Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone:  (502) 614-5962
Facsimile:  (502) 614-5968
jcraig@craighenrylaw.com
abentley@craighenrylaw.com

*Counsel for Nicola Warr*

8